JORGE NOGUERA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1274. Submitted February 1, 1951.—Decided February 14, 1951.

---

*José Sabater* for appellant.    The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The Heirs of Amadeo Casillas Núñez, namely, his widow Josefina Jiménez and his children Gregorio Salvador and María de Lourdes Casillas Jiménez, all of legal age, executed a public deed in Mayagüez on July 31, 1950 in favor of Jorge Noguera, also of legal age and married to the aforesaid María de Lourdes Casillas Jiménez, ratifying the sale of a rural property of 1.083 cuerdas, located in the Mayagüez Arriba Ward of the Municipality of Mayagüez, made by the predecessor of the Heirs to his son-in-law Jorge Noguera. The deed recited that Amadeo Casillas Núñez and his wife, the appearing party Josefina Jiménez, decided to sell and sold, about the middle of July 1949, the aforesaid property to their son-in-law Jorge Noguera for $1,000, which amount the purchaser paid in cash to Casillas Núñez and the latter received in the presence of his wife above mentioned; that the sale was thus unconditionally consummated, all parties having agreed to execute the corresponding deed of sale, but that the execution of said deed was postponed and Casillas Núñez died a few days later, that is, on August 1 of that same year, without the deed having been executed, for which reason the sale was ratified as a whole, thus fulfilling the obligation

contracted by the predecessor of the Heirs, the sale being ratified and thereby consummated. It was also set forth in the deed that the District Court of Puerto Rico, Mayagüez District, in an action for declaration of heirship entered judgment declaring as the sole and universal heirs of Amadeo Casillas Núñez, his legitimate sons Gregorio Salvador and María de Lourdes Casillas Jiménez and his widow Josefina Jiménez in the usufructuary quota.

Upon presentation of the aforesaid deed to the registry of property, the Registrar refused to record same in a decision which, textually copied, recites:

"Record of this instrument is refused in view of the absence of a certificate that the inheritance tax had been paid or a certificate of exemption from said payment issued by the Treasurer of Puerto Rico to the effect that the property involved in the ratification of sale and sale is exempt from the payment of the inheritance tax upon the death of the predecessor Amadeo Casillas Núñez on the ground that such sale was completed and consummated prior to the death of said predecessor. In lieu thereof the corresponding cautionary notice is entered for the legal term, at page 139 of volume 326 of Mayagüez, property number 10,075, entry marked with the letter 'A'. Mayagüez, September 26, 1950."

Seeking the reversal of the foregoing decision, the appellant maintains that since it appears therefrom that the sale of the real property was completed and consummated prior to the death of the predecessor, it is specious to demand proof of the payment of or exemption from the inheritance tax, for if the predecessor sold during his lifetime he was not bound to pay any such tax. We disagree with this reasoning.

By express provision of § 12 of Act No. 99 of August 29, 1925 (Sess. Laws, p. 790), as amended by § 2 of Act No. 189 of May 13, 1948 (Sess. Laws, pp. 526, 528) ". . . no registrar shall record in any registry under his charge any instrument . . . in connection with the partition, distribution or delivery of such property [of a decedent] unless such

receipt or receipts of the Treasurer are presented." (Brackets ours.) This statutory provision is binding on registrars and when any instrument is presented for registration, whereby properties of a decedent are divided, distributed or delivered, it is their duty, before recording same, to ascertain whether the receipt issued by the Treasurer of Puerto Rico establishing payment of the inheritance tax has been attached thereto, or whether in default of the receipt, a certificate has been presented to the effect that the property sought to be recorded is exempt from the payment of the inheritance tax.

When the heirs of a decedent execute a public deed ratifying a sale made by their predecessor either orally or by private document, they merely carry out and comply with the latter's will. If they refuse to do so, they could be compelled by the court to execute such a deed. In those cases the previous registration of the property in favor of the heirs is not necessary in order to record the deed of ratification in the name of the person or persons in whose favor it is executed. Of course, if any of the heirs are minors, the approval of the District Court must be obtained in order that they may execute the deed of ratification. *Bermúdez v. Registrar*, 69 P.R.R. 475; *Wilcox v. Registrar*, 67 P.R.R. 445; *Zayas et al. v. Registrar*, 36 P.R.R. 705; *Ortiz v. The Registrar*, 23 P.R.R. 652; *Coy v. The Registrar of San Juan*, 22 P.R.R. 403. In the case at bar such authorization was unnecessary, since as we have seen, all the heirs were of legal age.

When the deed of ratification involved here was presented to the Registry of Property of Mayagüez the property in question appeared recorded in the name of the predecessor of the Heirs. For the purposes of the Mortgage Law and of the registry said predecessor was still the owner of the property and the registrar lacked authority to determine whether or not the statements in the deed with respect to the alleged purchase and sale between

the predecessor and his son-in-law conformed to the actual facts. If such oral sale had taken place between the predecessor and his wife on one hand and the son-in-law, appellant herein, on the other, such sale would have the desired effect only among them, but not against a third party. With respect to a third party the property was still owned by the predecessor and his wife until the execution of the corresponding public deed of alienation. As stated by the doctrinal writer Barrachina in his work *Derecho Hipotecario y Notarial*, Vol. 1, p. 145, discussing a similar situation which caused the issuance of the order of the *Dirección General de los Registros* of November 3, 1879: ". . . although the sale was valid by itself, it only affected the executing parties. In order to affect third parties it would have been necessary to set it down in a public deed and that the latter be recorded; . . . *since the testator died without having complied with said formality, it was evident that the latter still owned the properties pursuant to the registry.*"

If transactions like the one involved here were allowed to be recorded in the registry of property without duly establishing payment of the inheritance tax or the corresponding exemption, the violation of imperative statutory requirements would be authorized. Morell in his work *Legislación Hipotecaria*, Vol. 2, pp. 417, 418, in commenting sale ratifications as the one involved in this appeal says: "The consequence is logical and yet, in the exclusive surrounding of good faith in which the rule is presented, *its acceptance is dangerous. It is an added stimulus to contract privately before dying. We think that perhaps for this reason the law demands compliance with all legal formalities as if a true alienation were involved. This may be based on the fact that, under the Mortgage Law, no real conveyance whatsoever existed previously.* . . The provision under our consideration must be amended in the sense demanded by reason and practice. Some evident basis or ground proving the prior alienation must be required. . . *For the purposes of the*

*tax on real rights, the existence of the contract on a former date must be duly established. Otherwise: the act will be recorded, but after payment of the tax by the heirs.*" (Italics ours.) Therefore the Registrar correctly refused registration.

The decision appealed from will be affirmed.